IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**PERRY JOE GATLIN**                                                       **PLAINTIFF**

**V.**                       **CASE NO. 3:19-CV-03052**

**PROSECUTOR DEVON GOODMAN;
JAIL ADMINISTRATOR JASON DAY;
CORPORAL JARED POINTER; CORPORAL
WADE; and JAILER HEATH HUDSON**                      **DEFENDANTS**

## OPINION AND ORDER

Perry Joe Gatlin ("Gatlin"), currently an inmate of the Boone County Detention Center ("BCDC"), has filed a civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and has sought leave to proceed *in forma pauperis*.

Gatlin names as Defendants Prosecuting Attorney Devon Goodman ("Goodman"), Jail Administrator Jason Day ("Day"), Corporal Jared Pointer ("Pointer"), Corporal Wade ("Wade"), and Jailer Heath Hudson ("Hudson"). Gatlin has sued the Defendants in both their individual and official capacities.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(e)(2).

### I. BACKGROUND

According to the allegations of the Complaint and Supplement (Docs. 2, 3), on April 14, 2019, Pointer "got ahold of" medical records concerning Gatlin's infant daughter. The

1

jailers then discussed the records and passed them around prior to faxing them to Goodman, the prosecutor in a case against Gatlin. According to Gatlin, Pointer thought it was "a joke and shared [the records] with not only his shift but the next shift." The records were passed though Wade and Hudson as well as other officers.

Once they were done passing the records around, Gatlin alleges that Wade, who discussed the records with shift commanders, including Day, gave Gatlin the medical records that had been intended "only" for him. Gatlin alleges that neither he nor his wife had signed a medical authorization form releasing the records.

According to Gatlin, Goodman discussed the records with Derika Bell and Jamie Christman from the public defender's office and also provided them with copies. Gatlin further alleges that Goodman "was heard in the courtroom discussing and making jokes, comments about my daughter[']s medical status." Gatlin maintains that Goodman tried "to use the documents to further my incarceration due to a failure to appear in court."

Gatlin alleges that Defendants' conduct in illegally obtaining, sharing, and using Gatlin's daughter's medical records constitutes a violation of the Health Insurance Portability and Accountability Act ("HIPAA") and a violation of his and his family's constitutional right to privacy. As relief, Gatlin requests monetary damages as well as an order preventing Goodman from violating the medical privacy rights of inmates in the future.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it

contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or, (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citation omitted).

However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

Section 1983 requires proof of two elements: (1) the conduct complained of must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights or privileges secured by the Constitution or laws of the United States.

Gatlin's first claim is for alleged violations of HIPAA. HIPAA does not expressly or impliedly create a private cause of action. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010). Therefore, no plausible claim is stated.

Gatlin's second claim is that the handling of his daughter's medical records invaded his constitutional right to privacy. The Supreme Court has recognized that "notions of substantive due process contained within the Fourteenth Amendment safeguard individuals from unwarranted governmental intrusions into their personal lives." *Whalen v. Roe*, 429 U.S. 589, 598 n.23 (1977). This right was discussed by the Court of Appeals for the Eighth Circuit in the case of *Cooksey v. Boyer*, 289 F.3d 513 (8th Cir. 2002). In *Cooksey*, the Court described this limited right in the following terms:

> This safeguard includes protection of the individual interest in avoiding disclosure of personal matters, and has been characterized as the right to confidentiality. Not every disclosure of personal information will implicate the right to privacy, however, and the Supreme Court has cautioned against unwarranted expansion of the right[.] The personal rights found in the guarantee of personal privacy must be limited to those which are fundamental or implicit within the concept of ordered liberty. The Due Process Clause does not purport to supplant traditional tort law in laying down rules of conduct to regulate liabilities for injuries that attend living together in society.
>
> In accordance with these principles, we have consistently held that to violate the constitutional right of privacy the information disclosed must be either a shocking degradation or an egregious humiliation . . . to further some specific state interest, or a flagrant breach of a pledge of confidentiality which was instrumental in obtaining the personal information. A determination of whether a particular disclosure meets this exacting standard may include consideration of whether the person had a legitimate expectation that the information would remain confidential while in the state's possession.

*Id.* at 515-16 (citations and internal quotation marks omitted). "When the information is inherently private, it is entitled to protection." *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996) (citation and internal quotation marks omitted).

This right was more recently discussed in *Dillard et al v. City of Springdale et al.*, 2019 WL 3049010 (8th Cir. July 12, 2019). In that case, the plaintiffs alleged violations of their constitutional right to privacy in connection with the release of information identifying them as victims of childhood sexual abuse. *Id.* at *1. The Eighth Circuit affirmed the lower court's denial of a motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), and on the basis of qualified immunity. The Eighth Circuit stated that it had "adopted the understanding of the Fourteenth Amendment, recognizing a right to confidentiality protection against public dissemination of information concerning highly personal matters representing the most intimate aspects of human affairs." *Id.* at *3 (citations and internal quotation marks omitted). While the right is limited, the Eighth Circuit noted that the "qualifier applies to information that is not highly personal, does not represent the most intimate aspects of human affairs, and is not inherently private. The limitation does not swallow the right." *Id.* at *4. The Court held that the plaintiffs had "stated a plausible claim for violation of their constitutional right to confidentiality." *Id.*

Here, as currently pleaded the Complaint and Supplement do not contain sufficient facts from which the Court could plausibly infer that Gatlin's constitutional right to privacy was violated. These filings do not explain what the contents of the medical records were, what the nature of Gatlin's criminal proceedings were in which the medical records were disclosed, whether the medical records were relevant to those criminal proceedings, why

and by whom the medical records were sent to the jail in the first place, and how Pointer obtained the medical records. Without this information, or at least far more of this information than is presently before the Court, the Court cannot infer that the disclosures were sufficiently public, shocking, and egregious to constitute a violation of Gatlin's constitutional right to privacy.

Accordingly, the Court will permit Gatlin to file an additional supplement to his Complaint providing this information, to the extent such information is known to him. The Court will permit this additional supplement to be filed under seal, if Gatlin wishes, in order to protect the medical privacy of his daughter.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Perry Joe Gatlin shall file an additional supplement to his Complaint **by no later than September 27, 2019**, alleging the following details, to the extent they are known to him:

- the contents of the medical records;
- the nature of the criminal proceedings in which the medical records were disclosed;
- the relevance, if any, of the medical records to those criminal proceedings;
- why, and by whom, the medical records were sent to the jail in the first place; and
- how Pointer obtained the medical records.

If Gatlin wishes for this supplement to be filed under seal, then he must submit it with a cover sheet that displays the words "FILED UNDER SEAL" in large print. If the Court does not receive the supplement by the deadline, then Gatlin's claim for invasion of privacy will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Gatlin's HIPPA claim is subject to dismissal because it is frivolous and fails to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**IT IS SO ORDERED** on this 6th day of September, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE